**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-----------------------------------------------------------------
```

LORRI THOMPSON-SCOTTON          :
147 Garnet Drive                :
Gilbertsville, PA 19525         :
                                :
              Plaintiff,        :
                                :        Civil Action No.: _____
       v.                       :
                                :        **JURY TRIAL DEMANDED**
RAPPS SENIOR CARE, LLC d/b/a    :
WOODBRIDGE PLACE                :
1191 Rapps Dam Road             :
Phoenixville, PA 19460          :
                                :
              and               :
                                :
WOOD BINE SENIOR LIVING, LLC    :
600 Township Line Road          :
Yardley, PA 19067               :
                                :
              Defendants.       :

```
-----------------------------------------------------------------
```

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Lorri Thompson-Scotton hereby bring this action against Defendant Rapps

Senior Care, LLC d/b/a Woodbridge Place (hereinafter, "Defendant Rapps"), and Defendant

Wood Bine Senior Living, LLC (hereinafter, "Defendant Wood Bine") (collectively,

"Defendants"), and alleges, upon personal belief as to her own acts, and upon information and

belief as to the acts of others, as follows:

### NATURE OF THE ACTION

1.      Plaintiff hereby brings this complaint contending that Defendants unlawfully

failed to pay her and other similarly-situated individuals employed in the position of Wellness

Nurse ("WN"), Medical Technician ("MT"), Personal Care Giver ("PCG") (collectively, "Class

Plaintiffs") overtime compensation pursuant to the requirements of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq*.

2.      Plaintiff is a former employee of Defendants who was employed in the positions of Wellness Nurse.  During the course of her employment, Plaintiff and Class Plaintiffs did not have their hours of work accurately tracked and recorded by Defendant.  Additionally, Plaintiffs and Class Plaintiffs regularly worked and/or work through unpaid meal breaks.  Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were/are not properly compensated for their work, and/or were/are not paid overtime compensation as required by the FLSA/PMWA in that Plaintiff and Class Plaintiffs were/are not paid an overtime premium calculated at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

3.      Defendants have engaged in a long-term scheme of wage abuse against its Wellness Nurses, and others similarly situated, by habitually deducting thirty (30) minutes of compensable pay from each shift worked, regardless of whether Plaintiff and Class Plaintiffs, and all those similarly situated, actually received an uninterrupted, thirty (30) minute meal break, resulting in unpaid wages and unpaid overtime compensation in violation of the FLSA and PMWA.

4.      As a result of Defendants' improper and willful failure to track and record the hours actually worked by its Wellness Nurses, Medical Technicians, and Personal Care Givers, and to pay its Wellness Nurses, Medical Technicians, and Personal Care Givers in accordance with the requirements of the FLSA/PMWA, Plaintiffs and Class Plaintiffs have suffered damages.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact at Plaintiff's FLSA claims.

8.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

9.      Plaintiff Lorri Thompson-Scotton is a citizen of the United States and Commonwealth of Pennsylvania, and currently resides at 147 Garnet Drive, Gilbertsville, PA 19525.

10.     Defendant Rapps Senior Living Care, LLC d/b/a Woodbridge Place is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania, and maintains a principal place of business located at 1191 Rapps Dam Road, Phoenixville, PA 19460.

11.     Defendant Wood Bine Senior Living, LLC is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania, and maintains a principal place of business located at 600 Township Line Road, Yardley, PA 19067.

12.     Defendants' are a "private employer" and covered by the FLSA.

13.     Plaintiff and Class Plaintiffs are employees who have been employed by Defendants during all relevant times hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

14.     At all times relevant hereto, Defendants acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment for Defendants.

15.     Upon information and belief, the business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of the FLSA.  See 29 U.S.C. § 203(r).

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

18.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Wellness Nurse, Medical Technician, and/or Personal Care Giver, or in positions with substantially similar job duties, who worked for Defendants at any point in the past three (3) years who are/were denied a full thirty (30) minute uninterrupted meal break, were/are paid on an hourly basis, and denied compensation and overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek ("Class

4

Plaintiffs"). Plaintiff contends that Plaintiff and Class Plaintiffs were denied compensation and overtime compensation due to Defendants' policy and practice of: (a) automatically deducting thirty (30) minutes each workday for meal breaks during which Plaintiff and Class Plaintiffs performed compensable work; (b) failing to accurately track and compensate Plaintiff and Class Plaintiffs for all time spent performing compensable work; (c) failing to compensate Plaintiff and Class Plaintiffs for all hours performing compensable work; and (d) failing to compensate Plaintiff and Class Plaintiffs overtime compensation at 1.5 times their regular rate of pay for hours worked in excess of forty (40) in a workweek. Plaintiff estimates that there are in excess of thirty (30) other similarly situated Wellness Nurses, Medical Technician, and/or Personal Care Giver, who either are working or worked for Defendants, who are paid on an hourly basis, routinely worked and/or work through their meal period(s) and are/were deducted thirty (30) minutes per-work day for compensable work performed, and were unlawfully denied compensation and overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

19.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied compensation and overtime compensation at 1.5 times their regular rate of pay as a result of Defendants' unlawful policy and practice of deducting thirty (30) minutes per work-day for compensable work performed and/or failure to accurately track and compensate

5

them for all hours worked, had the same or similar job classifications and job duties, and were

subject to the same uniform policies, business practices, payroll practices, and operating

procedures.  Further, Defendants' willful policies and practices, which are discussed more fully

in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class

Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over

forty (40) in a workweek, have impacted Class Plaintiffs in the same fashion.

20.     Plaintiff will request the Court to authorize notice to all current and former

similarly-situated employees employed by Defendants, informing them to the pendency of this

action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of

seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## PMWA CLASS ACTION ALLEGATIONS

21.     Paragraphs 1 through 20 are hereby incorporated by reference as though the same

were fully set forth herein.

22.     Plaintiff brings this action individually, and on behalf of the following state-wide

class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil

Procedure:

> All persons presently or formerly employed by Defendants during the past three
> (3) years in the position of Wellness Nurse, Medical Technician, and/or Personal
> Care Giver, or in positions with substantially similar job duties who were paid on
> an hourly basis and subject to Defendants' unpaid meal break policy.

23.     The members of the class are so numerous that joinder of all members is

impractical.  Class members may be informed of the pendency of this Class Action by direct

mail.

24.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law

and fact common to the Class, including, but not limited to:

6

A.      Whether Plaintiff and Class Plaintiffs are entitled to compensation and overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.      Whether Defendants improperly automatically deducted thirty (30) minutes from Plaintiff and Class Plaintiffs each work day for meal breaks during which Plaintiff and Class Plaintiffs performed compensable work;

C.      Whether Defendants failed to accurately track and maintain records of the hours worked by Plaintiff and Class Plaintiffs;

D.      Whether Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per week.

E.      Whether Defendants failed to provide Plaintiff and Class Plaintiffs uninterrupted meal periods as required by Defendants' written policies, practices, and procedures; and

F.      Whether Defendants failed to compensate Plaintiff and Class Plaintiffs for missed and/or interrupted meal periods.

25.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

26.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

27.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

7

B.     Defendants, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

28.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interest.

## **FACTUAL BACKGROUND**

29.     Paragraphs 1 through 28 are hereby incorporated by reference as though the same were fully set forth at length herein.

30.     Plaintiff Lorri Thompson-Scotton ("Plaintiff") began her employment with Defendants on or about September 15, 2019, when she was hired in to the position of Wellness Nurse.

31.     During her scheduled shifts, Plaintiff was to receive an unpaid meal period.  It was Defendants' policy and practice to automatically deduct thirty (30) minutes of pay from Plaintiff during each scheduled shift she worked for an unpaid meal period.  Plaintiff, however, did not receive an uninterrupted thirty (30) minute lunch period during every shift worked and routinely performed work during her lunch periods on a daily basis.

32.     In violation of the provisions of the FLSA, Defendants failed to pay Plaintiff for work performed during her scheduled meal periods.  This policy and practice of Defendants is further proof and evidence of Defendants' willful and unlawful practice of not paying Plaintiff for all hours worked and of Defendants' failure to follow the provisions of the FLSA.

33.     The payroll checks and stubs Plaintiff received from Defendants did not accurately state the actual hours of work she performed each pay period and did not state and/or reveal the work she performed during meal periods.

34.     Upon information and belief, in violation of the provisions of the FLSA, Defendants failed to pay Plaintiff for all work performed and time spent performing compensable work during unpaid meal periods.

35.     By way of example, during the week of January 3, 2020, Plaintiff worked approximately fifty-two (52) hours and thirty-eight (38) minutes and did not receive overtime compensation for the two (2) hours and thirty (30) minutes during which Plaintiff performed compensable work during her meal period.

36.     During the week of January 3, 2020, Defendants automatically deducted thirty (30) minutes from each work day for compensable work performed by Plaintiff.

37.     Upon information and belief, on days where Plaintiff was scheduled to work a "double" shift, Plaintiff was to receive two (2) thirty (30) minute meal periods.

38.     Upon information and belief, when Plaintiff worked a "double" shift, she did not receive two (2) uninterrupted thirty (30) minute meal periods.

39.     Upon information and belief, on days where Plaintiff worked a "double" shift and was to receive two (2) thirty (30) minute meal periods, Defendants' automatically deducted one (1) hour from each "double" shift for compensable work performed by Plaintiff.

40.     Shortly after her hire, Plaintiff began complaining to Defendants with respect their failure to compensate her for missed meal breaks.

41.     Specifically, Plaintiff complained to Defendants' Human Resources/Business Manager, Sherril (last name unknown) ("Sherril LNU").

42.     By way of response, Sherril informed Plaintiff "need to talk to Deb about the breaks."

43.     Plaintiff was called into a meeting shortly after her complaint regarding the her missed meal breaks.

44.     During the meeting, Defendants' offered to compensate Plaintiff Nine Hundred Dollars ($900.00) to "cover" Plaintiff's prior missed meal breaks.  Additionally, Defendants' advised Plaintiff she "cannot tell anyone about this."

45.     Shortly after the aforesaid meeting, Defendants' implemented a new meal break policy and required Plaintiff's signature.  See Exhibit "A."

10

46.     Indeed, Defendants' meal break policy, which states, "If you choose not to take your break, 30 minutes will automatically be deducted per shift." See Exhibit "A."

47.     Defendants' policy and practice constitutes a willful violation.

48.     Upon information and belief, Defendants' implemented the new meal break policy to all hourly employees subject to Defendants' policy and procedure to automatically deduct thirty (30) minutes each work day.

49.     Shortly after her complaints, on or about February 1, 2020, Defendants terminated Plaintiff's employment.

50.     Plaintiff engaged in protected activity under the FLSA by complaining of unpaid wages for hours worked during meal breaks.

51.     Defendants retaliated against Plaintiff by terminating her because she made a good faith complaint of wage theft, in violation of the FLSA.

52.     Accordingly, Defendants' failed to maintain accurate records for each employee for hours worked, as required by law. See 29 C.F.R. § 516.2(a)(7).

53.     As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to her reputation.

## Facts Pertaining to the Collective/Class Claims

54.     Paragraphs 1 through 53 are hereby incorporated by reference as though the same were fully set forth at length herein.

11

55.     In their capacity as Wellness Nurse, Medical Technician, and/or Personal Care

Giver, Plaintiff and Class Plaintiffs primary job responsibilities include data entry,

sending/receiving correspondence, and patient care.

56.     Plaintiff and Class Plaintiffs are compensated on an hourly basis to perform the

aforementioned responsibilities.

57.     Plaintiff and Class Plaintiffs routinely worked in excess of forty (40) hours per

work week.

58.     Despite the fact that Plaintiff and Class Plaintiffs routinely worked in excess of

forty (40) hours per week, Plaintiff and Class Plaintiffs did not receive compensation and/or

overtime compensation for work performed in excess of forty (40) hours per work week.

59.     In violation of the provisions of the FLSA/PMWA, Defendants unlawfully failed

to track, record, and report all the hours worked by Plaintiff and Class Plaintiffs.

60.     Additionally, Plaintiff and Class Plaintiffs are/were required to maintain patient

care until relieved, even during meal breaks.

61.     As a result of the aforementioned policy, Plaintiff and Class Plaintiffs routinely

worked through their thirty (30) minute meal period and/or did not receive an uninterrupted meal

period.

62.     Upon information and belief, Plaintiff and Class Plaintiffs routinely work/worked

through their meal period(s) to maintain Defendants' patient care requirements.

63.     During their scheduled shifts, Plaintiff and Class Plaintiffs, in accordance with

Defendants' policies and practices, are supposed to receive a thirty (30) minute unpaid meal

break. It is Defendants' policy and practice to automatically deduct thirty (30) minutes of

compensation from each hourly employee during each scheduled shift. Plaintiff and Class

12

Plaintiffs, however, do/did not receive an uninterrupted thirty (30) minute meal break during every shift worked, and routinely perform or performed work during their meal periods on a near-daily basis.

64.     Defendants' policy and practice further demonstrates its willful and unlawful practice of not paying Plaintiff and Class Plaintiffs for all hours worked and of Defendants' failure to follow the provisions of the FLSA/PMWA.

65.     As a result of the aforementioned policies and practices of Defendants, Plaintiff and Class Plaintiffs are/were denied, on a near-daily basis, pay, compensation, and/or overtime compensation for, at a minimum, thirty (30) minutes of compensable work performed each workday.  Upon information and belief, Defendants had and continues to have an unlawful practice and policy of depriving Plaintiff and Class Plaintiffs pay, compensation, and/or overtime compensation for all compensable work performed.

66.     The aforementioned policies and practices of Defendants violate the FLSA, and as a result, Plaintiff and Class Plaintiffs have suffered loss of wages, compensation, and/or overtime compensation.

67.     Defendants knew of or showed reckless disregard in its failure to track and record the hours actually worked by Plaintiff and Class Plaintiffs, and its failure to properly compensate Plaintiff and Class Plaintiffs for all wages, compensation, and overtime pay, in violation of the FLSA/PMWA.

68.     Plaintiff and Class Plaintiffs were/are, within the meaning of the FLSA/PMWA, non-exempt employees of Defendants.

69.     Defendants failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of forty (40) hours in a work

13

week. As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

70.     Upon information and belief, Defendants failed to maintain accurate records for each employee for hours actually worked, as required by law.

71.     Upon information and belief, Defendants did not post and/or failed to post employee rights protected under the FLSA in a conspicuous space for employees to readily read it.

72.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours worked over forty (40) in a workweek.

73.     As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

74.     Paragraphs 1 through 73 are hereby incorporated by reference as though the same were fully set forth at length herein.

75.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

76.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

77.     According to the policies and practices of Defendants, Plaintiff and Class Plaintiffs are/were required to work in excess of forty (40) hours per workweek. Plaintiff and

Class Plaintiffs are/were denied overtime compensation for compensable work performed in excess of forty (40) hours per workweek in violation of the FLSA.

78.     Defendants failed to pay Plaintiff and Class Plaintiffs for all hours worked, including for work performed for Defendants during Plaintiff and Class Plaintiffs meal periods.

79.     Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

80.     As a result, Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over (40) in a workweek at 1.5 times their regular rate of pay.

81.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

82.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

83.     Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants in the positions of Wellness Nurse, Medical Technician, and/or Personal Care Giver, or in positions with substantially similar job duties, who worked for

15

Defendants at any point in the past three (3) years who were denied an uninterrupted thirty (30)
minute meal period, were/are paid on an hourly basis, denied compensation and overtime
compensation at their regular rate of pay for all hours worked over forty (40) in a workweek, and
authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals,
informing them that this action has been filed, the nature of the action, and of their right to opt-in
to this lawsuit if they worked for Defendants during the liability period, but were not paid
compensation and/or overtime compensation at 1.5 times their regular rate of pay as required by
the FLSA;

      C.      Adjudicating and declaring that Defendants' conduct as set forth herein and above
is in violation of the FLSA;

      D.      Adjudicating and declaring that Defendants violated the FLSA by failing to pay
compensation and overtime compensation to Plaintiff and Class Plaintiffs for work performed in
excess of forty (40) hours per week;

      E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in
an amount consistent with the FLSA;

      F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the
FLSA;

      G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be
paid by Defendants, in accordance with the FLSA;

      H.      Awarding pre- and post-judgment interest and court costs as further allowed by
law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

84.     Paragraphs 1 through 83 are hereby incorporated by reference as though the same were fully set forth at length herein.

85.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

86.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

87.     By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

88.     As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class Plaintiff, pray for judgment against Defendants as follows:

17

A.      An Order certifying this case as a class action and designating Plaintiffs as the representative of the Class and their counsel as class counsel;

B.      An award to Plaintiffs and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiffs and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**PLAINTIFF'S INDIVIDUAL CLAIM FOR RETALIATION**

89.      Paragraphs 1 through 88 are hereby incorporated by reference as though the same were fully set forth at length herein.

90.      Plaintiff engaged in protected activity under the FLSA by complaining of Defendants' unlawful business practices regarding unpaid wages/overtime compensation.

91.      Shortly thereafter, Defendants retaliated against Plaintiff in the manner described above, ultimately terminating Plaintiff's employment for reasons which are clearly pretextual.

92.      By reason of the foregoing, Defendants, through their agents, officers, servants, and/or employees have violated the FLSA by discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

93.      As a result of Defendants' deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully request that this Court enter judgment in her favor against Defendants, and grant her the maximum relief allowed by law, including, but not limited to;

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Compensatory, punitive, and/or liquidated damages in an amount to be determined at trial, but sufficient to punish Defendants for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____

Michael Murphy, Esq.
Edmund C. Celiesius, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
ec@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: 2/24/2020

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.

# EXHIBIT A



# Woodbridge PLACE

A Senior Living & Memory Care Community

## MEAL BREAKS

All Woodbridge Place employees that work a shift of 5 hours or more must take a **mandatory** 30 minute break. This break is **unpaid** and **requires** you to clock out at the start of your break and clock back in when your break is over. If you choose not to take your break, 30 minutes will automatically be deducted per shift. You must clock out whenever you are leaving the building.

Failure to clock in and out for your mandatory break could lead to disciplinary action up to and including termination.

I have read and understand the above information regarding Woodbridge Place's Meal Break Policy.

NAME: _Lorri Scotton_

SIGNATURE: _Lorri Scott_

DATE: _12/19/19_

1191 RAPPS DAM ROAD, PHOENIXVILLE, PA 19460
MAIN PHONE: 610-933-7000  |  MAIN FAX: 610-933-7088
WEB: WOODBRIDGEPLACE.COM